IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERCHEL HAROLD HUFF, <br><br> Petitioner, <br><br> vs. <br><br> THE STATE OF NEBRASKA, <br><br> Respondent. | 8:20-CV-491 <br><br> **ORDER** |

This matter is before the Court on Petitioner Herchel Harold Huff's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Filing 1. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is to dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Based upon the Court's review of the Petition and attached exhibits, the Court cannot make such determination at this time. The parties are advised that this determination is preliminary only. Accordingly,

IT IS ORDERED:

1. On or before February 16, 2021, Respondent shall file a motion for summary judgment or an answer supported by state-court records;

2. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion;

   B. The motion for summary judgment shall be supported by such state-court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State-Court Records in Support of Motion for Summary Judgment";

1

    C. Copies of the motion for summary judgment, the designation, including state-court records, and Respondent's brief must be served on Petitioner, except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. If the designation of state-court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the claims;

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court;

    E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event Respondent elects not to file a reply brief, it should inform the Court by filing a notice stating that it will not file a reply and that the motion is fully submitted for decision.

3. If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with terms of this order. (*See* following paragraph). The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions;

4. If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

    A. On or before February 16, 2021, Respondent shall file all state-court records that are relevant to the claims. Those records shall be contained in a separate filing entitled: "Designation of State-Court Records in Support of Answer";

    B. No later than 30 days after the filing of the relevant state-court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non- retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition;

    C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court except that Respondent is only

    required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event the designation of state-court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the claims;

    D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court;

    E. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief. In the event Respondent elects not to file a reply brief, it should inform the Court by filing a notice stating that it will not file a reply and that the motion is fully submitted for decision;

5. No discovery shall be undertaken without leave of court; and

6. The Clerk of Court is directed to provide a copy of this Order and the Petition to Respondent and the Nebraska Attorney General's Office.

Dated this 18th day of December, 2020.

                                              BY THE COURT:

                                              Brian C. Buescher
                                              United States District Judge