IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HERCHEL HAROLD HUFF,<br><br>               Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director of the Nebraska Department of Correctional Services;<br><br>               Respondent. | 8:20-CV-491<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Herchel Harold Huff's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Filing 1. Respondent, Scott Frakes, has answered and filed the relevant state court records. *See* Filing 13 (Answer); Filing 12 (State Court Records). Upon consideration of the briefing provided by both parties and application of the relevant law, the Court finds both of Huff's habeas claims are procedurally defaulted pursuant to 28 U.S.C. § 2254(b)(1)(A).

### I.   BACKGROUND[1]

      In the District Court of Furnas County, Nebraska ("District Court"), Huff pled guilty to manslaughter, was found guilty of motor vehicle homicide by a jury, and was found guilty of tampering with a witness and refusal to submit to a chemical test by the presiding judge. Filing 12-23 at 99, 106; Filing 12-29 at 43, 48. Filing 12-10. These charges arose out of conduct involving Huff driving a vehicle that struck and killed young mother of two Kasey Jo Warner while she was out jogging in October of 2007. Filing 12-10 at 6. At trial, Huff admitted he was driving the blue Chevrolet Camaro ("Camaro") that struck Kasey Jo Warner. Filing 12-28 at 114, 117. He also

---

[1] The relevant facts in this case are not in dispute. The Court's recitation of facts is drawn from Huff's Petition (Filing 13), the state court record (Filing 12), and the various court opinions from the state case.

1

testified that, once a police officer arrived at the scene, he admitted he was the driver of the Camaro to the officer. Filing 12-28 at 121. The Camaro's passenger at the time of the collision, Ryan Markwardt, testified that Huff was driving when the Camaro hit and ran over Kasey Jo Warner. Filing 12-25 at 117, 131-32. Markwardt further testified that Huff asked him to "tell them that [Markwardt] was driving." Filing 12-25 at 132. Huff was also charged with and convicted of refusing to submit to a chemical test. Filing 12-29 at 48. At trial, evidence was submitted that Huff had consumed numerous alcoholic beverages just before the time he struck and killed Kasey Jo Warner and, in the opinion of a forensic toxicologist, was alcohol-impaired with a blood alcohol concentration above .1 at the time of the crash. Filing 12-26 at 80; Filing 12-28 at 19, 134.

After the trial and sentencing, Huff appealed his convictions and sentences, and the Nebraska Supreme Court vacated Huff's manslaughter conviction and vacated and remanded his sentence for refusing to submit to a chemical test. Filing 12-2. After resentencing by the District Court, Huff appealed again, and the Nebraska Supreme Court affirmed the District Court's new sentence. Filing 12-3. Huff then filed his first post-conviction motion for relief; after multiple District Court rulings and appeals to the Nebraska Court of Appeals, Huff's post-conviction motion was denied. Filing 12-4; Filing 12-5; Filing 12-6; Filing 12-11; Filing 12-12; Filing 12-13; Filing 12-19 at 48-69.

Huff next filed a motion for DNA testing pursuant to Nebraska law in the District Court seeking to prove that Markwardt was driving the Camaro when it struck and killed Kasey Jo Warner. Filing 12-19 at 80-82. At a hearing on that motion, Huff learned that, during his trial, the Camaro was stored inside by Jeff Otto, who stored vehicles for the Furnas County Sheriff. Filing 12-36 at 3. After trial but while Huff's appeals were still pending, Huff's Camaro was moved outdoors and stored in the same condition in which it was seized: uncovered, with the "T-tops"

2

off, and the windows down. Filing 12-36 at 3-4. The District Court denied Huff's motion for DNA testing, and Huff appealed; the Nebraska Court of Appeals later granted Huff's own motion to dismiss his appeal. Filing 12-18 at 51-71; Filing 12-7 at 3.

Huff then filed a second motion seeking post-conviction relief, Filing 12-19 at 202-33, and a motion for new trial in the District Court in October of 2018; both motions contained further allegations of innocence based on the alleged fact that Markwardt was driving the Camaro. Filing 12-19 at 158-92. In his identical motions for new trial and post-conviction relief, Huff alleged, inter alia, Respondent and/or the State of Nebraska destroyed exculpatory DNA evidence contained within the Camaro, and the trial court committed error and violated the "due process clause" of the Fourteenth Amendment by allowing the prosecution to destroy the DNA evidence. Filing 12-19 at 182, 223. The District Court held a hearing, and Huff stated he had no new evidence other than the "destruction" of his Camaro and any exculpatory evidence inside due to storage outside. Filing 12-35 at 82-143. The District Court subsequently denied and dismissed Huff's motions for new trial and post-conviction relief on May 2, 2019. Filing 12-20 at 2-38. On appeal, Huff assigned the following alleged error: "The District Court erred . . . and violated Appellants [sic] due process rights by failing to order Appelle [sic] to preserve the Camaro. . . ." Filing 12-15 at 9, 32-38. The Nebraska Court of Appeals interpreted this argument as merely challenging the District Court's denial of several motions, filed by Huff, to compel the preservation of the Camaro; the Court of Appeals found this assignment of error was improper because the District Court did not rule on the motions for preservation until after Huff appealed the denial of his new-trial and post-conviction motions. Filing 12-14 at 12. Huff then filed a petition for further review with the Nebraska Supreme Court but he neither assigned any error involving due process as it relates to

3

the destruction of evidence nor challenged or raised the Court of Appeals' determination as to the preservation of the Camaro. Filing 12-17.

Huff filed his habeas petition in this Court on November 20, 2020. Filing 1. Huff raises two claims. First, Huff alleges Respondent destroyed his Camaro while his appeal was pending and thus violated his due process rights. Filing 1 at 5. Second, Huff alleges the Nebraska Court of Appeals failed to liberally construe his petition for relief. Filing 1 at 7.

## II. ANALYSIS

Huff asserts two claims for relief: (1) Respondent destroyed his Camaro, an important piece of evidence, while his appeal was pending and thus violated his due process rights, and (2) the Nebraska Court of Appeals failed to liberally construe his petition for relief. Filing 1-1 at 4, 7, 12. The Court first describes the applicable case law before examining each claim. Ultimately, the Court concludes that both of Huff's claims are procedurally defaulted.

### A. Standard of Review

Under 28 U.S.C. § 2254(b)(1), when a state court provides an effective and available corrective process, a federal court may not grant habeas relief if the petitioner failed to "exhaust[] the remedies available in the courts of the State." State courts are entitled to "one full opportunity to resolve any constitutional issues"; thus, a petitioner must "invoke one complete round of the State's established appellate review process before [the petitioner] present[s] those issues in an application for habeas relief in federal court." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A [petitioner] is not required to pursue 'extraordinary' remedies outside of the standard review process, but he 'must seek the discretionary review of the state supreme court when that review is part of the ordinary and established appellate review process in that state.'" *Id.* (quoting *Dixon v. Dormire*, 263 F.3d 774,

4

777 (8th Cir. 2001)). A failure to exhaust available state court remedies properly within the allotted time "results in procedural default of the [petitioner's] claims." *Id.*

Under 28 U.S.C. § 2254(d), federal courts conduct "only a limited and deferential review of underlying state court decisions" giving deference to "decision[s] by a state court 'with respect to any claim that was adjudicated on the merits in State court proceedings.'" *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007)). Even if a petitioner has exhausted available state-court remedies, the petitioner is still precluded from habeas relief unless a state court decision: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The burden is on the petitioner to prove that a state court's application of federal law was objectively unreasonable. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). "A state court decision is 'contrary to' clearly established federal law if it either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'" *Worthington*, 631 F.3d at 495 (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). It is not enough that a federal court "would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). A federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Absent state court adjudication [of a particular claim], a federal habeas court

[should] apply *de novo* review." *Worthington*, 631 F.3d at 495; *see also Gabaree v. Steele*, 792 F.3d 991, 999 (8th Cir. 2015) (citing *Rompilla v. Beard*, 545 U.S. 374, 390 (2005)).

### B. Huff's First Claim Is Procedurally Defaulted

Huff's first claim is that "the State violated his right to due process when it destroyed his Camaro by storing it outdoors with the windows down, thus eliminating any potential DNA evidence." Filing 18 at 1. Respondent argues Huff did not present this issue to Nebraska state courts, and thus the claim is procedurally defaulted.[2] Filing 14 at 17-19. Huff responds that this Court may properly consider his due process claim because procedurally defaulting it would result in a fundamental miscarriage of justice. Filing 18 at 2. In this vein, Huff argues allowing the alleged due process violation, couched as "spoliation," is a fundamental miscarriage of justice and also argues he is innocent. Filing 18 at 2-5. Respondent counters by acknowledging exceptions to the procedural-default doctrine but arguing they are inapplicable here. Filing 20 at 1-5. Upon consideration of procedural default and the exceptions thereto, the Court finds Huff's due-process claim is procedurally defaulted.

First, the Court finds Huff did not raise his due-process claim in his petition for further review filed before the Nebraska Supreme Court. A federal court may not grant habeas relief if the petitioner failed to "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). State courts are entitled to "one full opportunity to resolve any constitutional issues"; thus, a petitioner must "invoke one complete round of the State's established appellate review process before [the petitioner] present[s] those issues in an application for habeas relief in federal court." *Welch*, 616 F.3d at 758 (quoting *O'Sullivan*, 526 U.S. at 845). To achieve exhaustion in the Nebraska court system, a petitioner "must file a motion for further review with the Nebraska

---

[2] The State concedes that both of Huff's claims are timely. *See* Filing 14 at 17 ("[The State] believes that Huff's habeas petition was timely filed . . . .").

Supreme Court." *Akins v. Kenney*, 410 F.3d 451, 455 (8th Cir. 2005). Further, the claim must be "fairly presented" to the state court which requires "refer[ence] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (citing *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996)).

Respondent argues "[n]owhere in [Huff's] motions did he allege a due process constitutional challenge to the destruction of evidence." Filing 14 at 18. This argument is false and contradicted by the record. In his motions for new trial and post-conviction relief filed in the District Court of Furnas County in October of 2018, Huff alleged Respondent and/or the State of Nebraska destroyed exculpatory DNA evidence contained within the Camaro and the trial court committed error and violated the "due process clause" of the Fourteenth Amendment by allowing the prosecution to destroy the DNA evidence. Filing 12-19 at 182, 223. The District Court denied and dismissed Huff's motions for new trial and post-conviction relief. Filing 12-20 at 2-38. On appeal, Huff assigned the following alleged error: "The District Court erred . . . and violated Appellants [sic] due process rights by failing to order Appelle [sic] to preserve the Camaro. . . ." Filing 12-15 at 9, 32-38. The Nebraska Court of Appeals interpreted this argument as merely challenging the District Court's denial of several motions, filed by Huff, to compel the preservation of the Camaro; the Nebraska Court of Appeals found this assignment of error was improper because the District Court did not rule on the motions for preservation until after Huff appealed the denial of his new-trial and post-conviction motions. Filing 12-14 at 12.

Huff then filed a petition for further review with the Nebraska Supreme Court, but he neither assigned any error involving due process as it relates to the destruction of evidence nor challenged or raised the Nebraska Court of Appeals' determination as to the preservation of the

7

Camaro.[3] *See* Filing 12-17. Nebraska Court Rule of Appellate Procedure § 2-102(F)(3) requires that a petition for further review and supporting brief "set forth a separate, concise statement of each error alleged to have been made by the Court of Appeals" and the brief "must discuss the errors assigned." The Nebraska Supreme Court has held that "[a]n alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court." *State v. Dill*, 913 N.W.2d 470, 476 (Neb. 2018). Because Huff's petition for further review neither "refer[ed] to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case or a state case raising a pertinent federal constitutional issue" in relation to the Camaro nor assigned a due-process error, he did not present this claim to the Nebraska Supreme Court. Thus, Huff's due-process claim is defaulted unless an exception applies.[4]

No exception to the procedural default rules applies. "Procedural default is a bar to a claim unless that claim falls into several narrow exceptions." *Cox*, 398 F.3d at 1031 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Actual innocence is one such exception because "[p]rocedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." *Id.* To obtain review of an otherwise procedurally barred claim due to actual innocence, "a petitioner must satisfy a two-part test: (1) the 'allegations of constitutional error must be supported with new reliable evidence not available at trial;' and (2) 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015)) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1029

---

[3] Huff's petition for further review references due process as it relates to forfeiture of his property and conviction by fraud. Filing 12-17 at 6, 10. Huff does reference due process, the Fourteenth Amendment, and destruction of evidence but only in support of his assignment of error involving conflicts of interest. Filing 12-17 at 10.
[4] Huff makes no attempt to argue that his claim is not procedurally defaulted but instead argues for an exception to the procedural default rule due to actual innocence. *See* Filing 18

(8th Cir. 2001)). Circumstances meeting this standard are "rare" and should be applied only in the "extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 299 (1995).

Relating to the first part of the test, Huff argues he is actually innocent but does not provide any additional evidence of or argument for his innocence other that which *may* have been inside the Camaro. Filing 18 at 4-5. Furthermore, any DNA evidence contained within the Camaro was available at trial. Thus, Huff fails the first part of the actual-innocence test. Relating to the second prong of the actual-innocence test, the Court has reviewed the state-court records filed in this case, including the trial transcript and the District Court's dismissal order addressing actual innocence. Filing 12-20 at 24-30; Filing 12-23 (trial transcript part one); Filing 12-24 (trial transcript part two); Filing 12-25 (trial transcript part three); Filing 12-26 (trial transcript part four); Filing 12-27 (trial transcript part five); Filing 12-28 (trial transcript part six); Filing 12-29 (trial transcript part seven); Filing 12-30 (trial exhibits). Upon independent review of the record, the Court adopts the following reasoning set forth by the District Court when analyzing Huff's Camaro claim:

> At his jury trial, Huff repeatedly testified he was driving the vehicle that struck and killed Kasey Jo Warner on October 3, 2007. An eye witness testified to the same fact and Huff made statements to investigators at the scene that he was driving the car. Huff has offered no showing of newly discovered evidence to support his "actual innocence" claim. For Huff now to claim the DNA testing of the automobile he drove would show someone else was driving is a claim which exceeds the straining of credulity, it is contrary to the facts established beyond a reasonable doubt at the trial and is contrary to Huffs repeated declarations under oath that he was the driver. This claim reaches toward absurdity. The claim is rejected and denied.

Filing 12-20 at 27.

The Court finds Huff has come nowhere close to demonstrating that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Nash*, 807 F.3d at 899. Because Huff has not satisfied either prong of the actual-innocence test, the

9

fundamental-miscarriage-of-justice exception is inapplicable, and Huff cannot escape his failure to present this claim to the Nebraska Supreme Court. Huff's first claim is procedurally defaulted.[5]

### C. Huff's Second Claim Is Procedurally Defaulted

Huff's second claim is that "the Nebraska Court of Appeals failed to construe Mr. Huff's Petition liberally." Filing 1 at 7. Specifically, Huff argues federal case law requires courts to liberally construe pleadings, and the Nebraska Court of Appeals wrongfully required him to present evidence in support of his request for new trial.[6] Filing 1-1 at 12. Respondent argues such a claim is not a cognizable federal claim, and, in the alternative, the claim was not raised in Huff's petition for further review. Filing 14 at 20-21. The Court concludes Huff's liberal-construction claim is procedurally defaulted and is not cognizable.

As discussed above, exhaustion requires fair presentment to the state-court system of "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox*, 398 F.3d at 1031; *Akins*, 410 F.3d at 455. Huff's second claim arose from the Nebraska Court of Appeals' decision, and Huff did not raise liberal construction or case law addressing liberal construction in his petition for further review. Filing 12-17. Thus, Huff did not present the issue to the Nebraska Supreme Court. Additionally, liberal construction of a pro se complaint is not a constitutional guarantee. For these reasons, Huff's liberal-construction claim is improper and procedurally defaulted.

---

[5] Huff's due-process claim fails even if it is not procedurally defaulted. "To establish a due-process violation when a state destroys evidence that is potentially useful to a criminal defendant, the defendant must show that the state acted in bad faith." *Morales v. Ault*, 476 F.3d 545, 555 (8th Cir. 2007) (*Illinois v. Fisher,* 540 U.S. 544, 547–48 (2004) (per curiam) and *Arizona v. Youngblood*, 488 U.S. 51, 58, (1988)). The record in this case does not demonstrate bad faith, and thus Huff has not established a due-process violation.

[6] The Court notes that Huff, based on a brief submitted with is petition, appears to make this argument in an attempt to avoid the one-year limitation on filing a motion in federal court for post-conviction relief. *See* Filing 1-1 at 12 ("This Court should allow Mr. Huff to toll the statute of limitations and file his appeal late due to the failure of Nebraska Court of Appeals to construe his petition liberally . . . ."). However, his petition lists the Nebraska Court of Appeals' failure to liberally construe the pleadings as a substantive error and basis for relief, so the Court will address it as a claim. Filing 1 at 7.

### D. Certificate of Appealability

A petitioner cannot appeal an adverse ruling on his petition for writ of a habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1) & (c)(2). The standard for issuing a certificate of appealability either where the district court reaches the merits or where it rules on procedural grounds is outlined in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When the district court denies a habeas petition on procedural grounds, it should issue a certificate "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. The Court concludes that standard is not met here, and Huff is not entitled to a certificate of appealability.

### III. CONCLUSION

For the reasons described above, the Court concludes both of Huff's claims are procedurally defaulted and Huff's petition is dismissed. Accordingly,

IT IS ORDERED:

1. Huff's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Filing 1, is denied and dismissed with prejudice;

2. The Court will not issue a certificate of appealability; and

3. The Court will enter a separate judgment.

Dated this 5th day of August, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge